UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY E. TEAGUE, JR., et al.,

        Plaintiffs,

v.

        CASE No. 2:21-CV-10468
        HON. GEORGE CARAM STEEH

THE CITY OF FLINT, and
THE STATE OF MICHIGAN,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**

This is a prisoner civil rights case, brought pro se pursuant to 42 U.S.C. § 1983. Plaintiffs are four pre-trial detainees currently confined at the Genesee County Jail in Flint, Michigan. Filing jointly, they name as defendants the City of Flint and the State of Michigan. Plaintiffs allege "Local and State Official[s]" violated their constitutional rights by suppressing evidence, committing false arrest and malicious prosecution, and defaming plaintiffs. Compl., ECF No. 1, PageID.5-6. They seek immediate release and money damages. Id. at PageID.10.

For the reasons set forth herein, the Court will dismiss with prejudice defendant State of Michigan as the state is immune from suit. The

-1-

complaint is otherwise dismissed without prejudice to the plaintiffs filing individual complaints.

## II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss a prisoner complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the

bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

### III.

The complaint is subject to dismissal for several reasons. First, Larry E. Teague, Jr., Sharmel L. Teague, Brya S. Bishop, and Ramonyea T. Bishop are listed as plaintiffs, but only Larry Teague signed the complaint. This violates Federal Rule of Civil Procedure 11, which applies to pro se litigants. McNeil v. United States, 508 U.S. 106, 113 (1993); Jourdan v.

Jabe, 951 F.2d 108, 110 (6th Cir.1991). Rule 11(a) requires that "[e]very pleading, written motion, and other paper shall be signed by . . . a party personally if the party is unrepresented by an attorney." Pro se parties may not sign on behalf of another individual proceeding pro se. Mattingly v. Farmers State Bank, 153 F.3d 336, 337 (6th Cir. 1998); see also Zanecki v. Health All. Plan of Detroit, 576 F. App'x 594, 595 (6th Cir. 2014) ("Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action.")

Next, none of the four plaintiffs paid the filing and administrative fees for this civil action, nor did they apply in the manner required by law to proceed without prepayment of the filing fee. The PLRA states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); see also In Re Prison Litigation Reform Act, 105 F.3d 1131, 1138 (6th Cir. 1997). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court normally must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. See McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997). If the prisoner does not comply, the district court must presume that

the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for lack of prosecution. Id.

Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit has suggested that in such cases, fees and costs should be divided equally between the plaintiffs. In re PLRA, 105 F.3d at 1138; see also Talley-Bey v. Knebl, 168 F.3d 884, 887 (6th Cir. 1999).[1] Regardless, if any of the plaintiffs had filed an individual complaint with the deficiencies described above, this Court would issue an order for that plaintiff to correct those deficiencies within thirty days. If the plaintiff corrected the deficiencies, the case would proceed; if he or she did not, the complaint would be dismissed. But a multi-plaintiff action carries a risk of prejudice to individual plaintiffs if others delay or fail to correct their deficiencies. To avoid that potential prejudice, the complaint will be dismissed without prejudice to permit each plaintiff to file his or her own action.

---

[1] Although courts in this district rely on In re PLRA for the proportionate share rule, McLaurin v. Bagley, No. CV 2:17-11263, 2017 WL 1738031, at *2 (E.D. Mich. May 4, 2017) (citations omitted), other circuits require each prisoner in a multiple plaintiff action pay the entire amount of the filing fee rather than allocate proportionate shares. See, e.g., Hagan v. Rogers, 570 F. 3d 146, 155-56 (3rd Cir. 2009); Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004). Other courts in the Sixth Circuit have also called the proportionate share convention into question. See, e.g., Montague v. Schofield, No. 2:14-CV-292, 2015 WL 1879590, at *3 (E.D. Tenn. Apr. 22, 2015).

Next, plaintiffs' claims of false arrest, suppression of the evidence, and an improper line-up are barred by Heck v. Humphrey, 512 U.S. 477 (1994). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In Heck, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.[2]

512 U.S. at 486–87 (footnote omitted). Heck applies equally to civil rights cases filed by pretrial detainees. Thomas v. Pugh, 9 F. App'x 370, 372 (6th Cir. 2001). And regardless of the relief sought, "a state prisoner's § 1983 action is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis in original).

---

[2] 28 U.S.C. § 2254 applies to state prisoners incarcerated after conviction. A habeas challenge for a confined pretrial detainee must be brought pursuant to 28 U.S.C. § 2241; however "such claims are extraordinary." Christian v. Wellington, 739 F.3d 294, 297 (6th Cir. 2014).

Because plaintiffs demand in relief both a release from detention and money damages, and because their "confinement has not been remedied by any of the procedures listed in *Heck*," Thomas, 9 F. App'x at 372, their complaint will be dismissed without prejudice.

Plaintiffs' defamation claims are also subject to dismissal. Defamation is a matter of state law and does not involve the violation of rights secured by the federal Constitution or the laws of the United States. See Siegert v. Gilley, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is . . . not a constitutional deprivation."); Paul v. Davis, 424 U.S. 693, 712-13 (1976) (defamation claim not cognizable under § 1983); see also Harper v. [Unknown] Arkesteyn, No. 19-1928, 2020 WL 4877518, at *2 (6th Cir. Apr. 28, 2020) (citing Pyles v. Raisor, 60 F.3d 1211, 1215 (6th Cir. 1995)).

As a result, allegations of defamation, while perhaps actionable under Michigan law, do not provide a basis for relief under § 1983. Consequently, any such claims shall be dismissed without prejudice to any state law claims brought in state court. The Court declines to exercise pendant jurisdiction over such claims.

Finally, the State of Michigan will be dismissed with prejudice because it is immune from suit. "There can be no doubt . . . that suit against [a] State . . . is barred by the Eleventh Amendment, unless [the State] has

consented to the filing of such a suit," Harrison v. Michigan, 722 F.3d 768, 771 (6th Cir. 2013) (citing Alabama v. Pugh, 438 U.S. 781, 782 (1978)). "Michigan has not consented to the filing of civil rights suits against it in federal court." Id. (citing Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986)). And Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. Id. (citing Quern v. Jordan, 440 U.S. 332, 341 (1979)).

### IV.

For the reasons stated above, the State of Michigan is **DISMISSED** from the suit **WITH PREJUDICE**.

Plaintiffs' remaining claims are **DISMISSED WITHOUT PREJUDICE**.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

Dated: April 2, 2021

            s/George Caram Steeh
            GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 2, 2021, by electronic and/or ordinary mail and also on:

Brya S. Bishop #185481
Genesee County Jail
1002 S. Saginaw St.
Flint, MI 48502

Ramonyea T. Bishop #173068
Genesee County Jail
1002 S. Saginaw St.
Flint, MI 48502

Larry E. Teague, Jr #84411
Genesee County Jail
1002 S. Saginaw St.
Flint, MI 48502

Sharmel L. Teague #185474
Genesee County Jail
1002 S. Saginaw St.
Flint, MI 48502.

s/Leanne Hosking on behalf of Brianna Savue
Deputy Clerk